United States Courts
Southern District of Texas
FILED

MAY 1 5 2025

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD A. BLAIR, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-01963 |
| | § | |
| FERGUSON ENTERPRISES, LLC, | § | |
| FERGUSON ENTERPRISES, INC., | § | |
| AND JOE SMITH, | § | |
| Defendants. | § | |

### PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXHIBIT 2

### I. INTRODUCTION

Plaintiff Ronald A. Blair respectfully moves to strike Defendants' Exhibit 2 from Defendants' Notice of Removal in this matter. Defendants' Exhibit 2 is procedurally improper, misleading, and prejudicial, and its inclusion distorts the scope and posture of this case. The exhibit in question is not a pleading from the present action, but instead is a complete copy of Plaintiff's separate lawsuit against Joe Smith, filed in state court as Cause No. 202526275. That lawsuit—now separately removed as Case No. 4:25-cv-01994—involves distinct claims, distinct parties, and was never consolidated or joined with the present action in state court. Its inclusion in this removal record is improper under 28 U.S.C. § 1446(a), and misleading under Fed. R. Civ. P. 12(f) and Fed. R. Evid. 403.

### II. IMPROPER INCLUSION UNDER 28 U.S.C. § 1446(a)

Defendants' Defendants' Exhibit 2 is not a pleading, process, or order that was ever filed, served, or referenced in the underlying state court case that forms the basis of this removal. Under 28 U.S.C. § 1446(a), only those materials actually served on the removing defendant and forming part of the record below may be submitted with the notice of removal. Defendants' Exhibit 2.

Blair v. Ferguson, et al.                Civil Action No. 4:25-cv-01963                Pl.'s Mot. to Strike Defs.' Ex. 2

Plaintiff's lawsuit against Joe Smith—is from an entirely separate proceeding and was not served

on Ferguson, Ferguson Inc., or any other Defendant in this action. Its inclusion violates the plain

text of § 1446(a) and improperly expands the scope of federal jurisdiction. *See Chesapeake &*

*Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 151–52 (1914) (removal must be based solely on the

record of the case actually removed, not unrelated pleadings). See also Plaintiff's Exhibit Q

(Cross-Filing Timeline) and Exhibit K (Filing Crosswalk), which confirm that Defendants'

Exhibit 2 was not part of the state court record for this action. See also Exhibit U (Table of

Omitted Authority), which documents governing authority that forbids the use of unrelated

pleadings to create jurisdiction.

## III. PREJUDICIAL AND MISLEADING IMPACT

Including the Joe Smith lawsuit as Defendants' Exhibit 2 misleads the Court into believing that

broader allegations, a higher amount in controversy, and consolidated claims are properly before

it in this proceeding. This tactic is prejudicial and confuses the procedural posture of the case. It

also suggests improperly that Plaintiff is seeking to forum-shop or litigate the same dispute in

parallel, when in fact Plaintiff filed two distinct lawsuits for good cause. The separate case

against Joe Smith has its own docket, parties, and trajectory.

## IV. LEGAL BASIS FOR STRIKING -- RULE 12(f) AND RULE 403

Federal Rule of Civil Procedure 12(f) authorizes the Court to strike any material that is

'redundant, immaterial, impertinent, or scandalous.' Federal Rule of Evidence 403 further allows

exclusion of evidence where the probative value is substantially outweighed by the danger of

unfair prejudice, confusion, or misleading the court. Defendants' Exhibit 2 meets all of these

standards. It is immaterial to this action, originates from a distinct and separate lawsuit, and its

inclusion distorts the Court's jurisdictional analysis.

1

Blair v. Ferguson, et al.              Civil Action No. 4:25-cv-01963              Pl.'s Mot. to Strike Defs.' Ex. 2

## V. CONCLUSION

Plaintiff respectfully requests that this Court strike Defendants' Exhibit 2 from Defendants'

Notice of Removal pursuant to Rule 12(f), Fed. R. Evid. 403, and the Court's inherent authority

to preserve the integrity of these proceedings.


Respectfully submitted,

/s/ Ronald A. Blair

Ronald A. (Tony) Blair
Pro Se Plaintiff
19215 Palfrey Prairie Trail
Tomball, TX 77377
717-808-4671
r.anthony.blair@gmail.com
Dated: May 15, 2025

2

Blair v. Ferguson, et al.                Civil Action No. 4:25-cv-01963                Pl.'s Mot. to Strike Defs.' Ex. 2

**CERTIFICATE OF SERVICE**

I certify that on May 15, 2025, a true and correct copy of the foregoing was served via the

CM/ECF system and/or by email upon all counsel of record and designated service contacts,

including:


Joel Allen (jallen@mcguirewoods.com)
Cory Ford (cford@mcguirewoods.com)
Pam Martin (pmartin@mcguirewoods.com)
McGuireWoods LLP
Counsel for Defendants


/s/ Ronald A. Blair

Ronald A. (Tony) Blair
Pro Se Plaintiff
19215 Palfrey Prairie Trail
Tomball, TX 77377
717-808-4671
r.anthony.blair@gmail.com

Blair v. Ferguson, et al.          Civil Action No. 4:25-cv-01963         Pl.'s Mot. to Strike Defs.' Ex. 2

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(D), I certify that no conference with opposing counsel was held prior

to the filing of this motion. The subject matter of the motion—procedural and jurisdictional

defects, including material misstatements and omissions in the removal filings—renders such a

conference improper and futile.

Respectfully submitted,

/s/ Ronald A. Blair

Ronald A. (Tony) Blair
Pro Se Plaintiff
19215 Palfrey Prairie Trail
Tomball, TX 77377
717-808-4671
r.anthony.blair@gmail.com
Dated: May 15, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD A. BLAIR, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-01963 |
| | § | |
| FERGUSON ENTERPRISES, LLC, | § | |
| FERGUSON ENTERPRISES, INC., | § | |
| AND JOE SMITH, | § | |
| Defendants. | § | |

**PROPOSED ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' EXHIBIT 2**

On this day, the Court considered Plaintiff's Motion to Strike Defendants' Exhibit 2, which was

attached to the Notice of Removal filed in this action.

After reviewing the motion, the response, the evidence submitted, and the applicable law, the

Court finds that the motion should be and is hereby GRANTED.


IT IS THEREFORE ORDERED that Defendants' Exhibit 2 to the Notice of Removal is hereby

STRICKEN from the record and will not be considered by the Court in connection with any

jurisdictional or substantive determination in this case.


It is so ORDERED.


SIGNED this _____ day of _____, 2025.



_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE